IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * CRIMINAL NO. PWG-20-99 |
| v. | * |
| | * |
| ALICIA CHANTEL BYRD, | * |
| | * |
| Defendant | * |

...ooOoo...

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its Attorneys, Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, and Hollis Raphael Weisman, Assistant United States Attorney for said District, submits the following Memorandum to support its recommendation that the Defendant receive a sentence of 10 months' actual imprisonment, to be followed by three years of supervised release.

### *BACKGROUND*

The defendant defrauded the Department of Housing and Urban Development of public monies meant to help low-income people obtain housing. Her scheme was not a spur-of-the moment decision to steal something that did not belong to her. To the contrary, it was a well-thought-out, long-running scheme to steal. The defendant rented a subsidized apartment, claiming she was using it as her residence, and then rented it out to others while the federal government paid a subsidy to the landlord. During that time period, the defendant lived with her family in the District of Columbia, obtained benefits from the District of Columbia, and leased a third apartment in her name, this one also in Prince George's County, Maryland.

The defendant obtained a lease for the subsidized apartment in Capitol Heights in April 2016. She never lived there. According to ¶ 43 of the pre-sentence report, the defendant lived at

1

her District of Columbia address continuously for the past ten years.  Yet she certified to the Prince George's County Housing Authority that she lived at the Capitol Heights address so that she could continue to maintain control of the apartment that the government was paying for.  At the same time, she was collecting rent for the Capitol Heights apartment from others.

In January 2017, while the defendant asserted to Prince George's County that she was living in Capitol Heights, the defendant applied to the District of Columbia for Food Stamp assistance and claimed she lived in D.C.  (Exhibit A)  As a result, the defendant received Food Stamps and other government assistance from D.C.

In December 2017, while still living in D.C., the defendant rented a third apartment in Fort Washington, Maryland, and had the wherewithal to pay rent on that apartment.  On her rental application, the defendant said she lived at the Fort Washington location with her two minor children.  The government does not know who lived there, but it was not the defendant.

Although the defendant has lived in the District of Columbia for the past decade, she obtained a driver's license that listed her address as the fraudulently subsidized apartment in Capitol Heights.  As of August 2021, that license is valid with the same address.

## SENTENCING GUIDELINES

The statute itself, mail fraud under 18 U.S.C. §v 1341, carries a maximum penalty of 20 years of imprisonment and three years of supervised release. The pre-sentence report calculates a sentencing guideline range of eight to 14 months' imprisonment, based on an Offense Level of 11 and a Criminal History Category of I.  The Government agrees with that calculation.

## SENTENCING FACTORS

Under 18 U.S.C. § 3553(a)(2), this Court "must weigh the seven factors listed in § 3553(a): "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing ...; (3) the sentences legally available; (4) the Sentencing Guidelines; (5)

Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." *United States v. Fowler,* 948 F.3d 663, 668 (4th 2020) (Citations and internal quotation marks omitted). The sentence must be reasonable. *Gall v. United States*, 552 U.S. 38, 46 (2007).

But the Court retains discretion to determine the relative importance of the sentencing factors. "While the consideration of one § 3553(a) factor to the exclusion of the others is not appropriate, it is not required that the district court somehow give all the different factors precisely equal weight. Sometimes one factor will outweigh the others. Sometimes one factor will stand out." *United States v. Nance,* 957 F.3d 204, 216 (4th Cir. 2020), *cert. denied,* No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020), quoting *United States v. Fowler,* 948 F.3d at 672.

Within § 3553(a)(2), Congress has set out four aims of sentencing: the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offender; deterrence; protection of the public; and rehabilitation of the defendant.

The government submits that the recommendation of the pre-sentence report that the defendant be sentenced to a period of five years' probation with eight months of home detention will not accomplish the goals Congress set in §3553. That recommendation fails to treat this case with the gravity it deserves, especially in light of the defendant's arrest and subsequent conviction for shoplifting in Fairfax County while awaiting disposition in this case. (Exhibit B)

This offense is serious. Public housing assistance for the needy is an essential function of government. By taking money designed for public housing assistance through fraud, the defendant deprived the needy of that help. Public funds obtained through taxes, unfortunately, are a zero-sum game. When the defendant takes from that pot, there is less for everyone else.

The recent housing crises as a result of the pandemic also demonstrate how important it is for housing assistance programs to work as intended.

A sentence of probation with home detention, moreover, fails to promote respect for the law.  This is not a case in which the defendant was suffering from mental health problems, despite attempting suicide in 2008.  If she needed treatment, she had that opportunity. PSR ¶ 45.  Nor was this a case in which the defendant herself was needy.  She was renting three apartments and collecting rent from multiple tenants.  She knowingly bent the law to her own ends and has demonstrated no respect for it.

It is appropriate for this Court to impose a sentence that will deter this defendant from re-offending and others from committing similar frauds.  Home detention is unlikely to deter anyone, especially in the current pandemic environment in which much of the public has already been spending much of its time at home.  The PSR does not even recommend a fine or community service, only restitution.  Restitution is an essential and equitable obligation, but it is only an interest-free loan between the time of the theft and the time of the judgment.  Not only does it fail to deter, it is enticement to commit fraud.

The government also asks this Court to consider the need for punishment.  The defendant committed this offense over a period of years.  She had myriad opportunities to recognize the crimes she was committing and stop them.  She did not.  After being charged in this case, she went into retail stores and stole.  She certainly learned nothing from her contact with the criminal justice system in this case.

## *CONCLUSION*

For the reasons stated above, the Government submits that a sentence of imprisonment of 10 months of imprisonment is appropriate and no greater than necessary to achieve the goals established by Congress under 18 U.S.C. § 3553.

        Respectfully submitted,

        Jonathan F. Lenzner
        Acting United States Attorney

By: _____
        Hollis Raphael Weisman
        Assistant United States Attorney
        Bar number 11465
        6500 Cherrywood Lane
        Greenbelt, Maryland 20770
        301-344-4029 (desk); 301-344-4516 (FAX)
        hollis.weisman@usdoj.gov